**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**ANTHONY HEAVNER,**

      Plaintiff,

v.

**SOUTHWEST    GEORGIA    OIL COMPANY,   INC.   d/b/a   PIGGLY WIGGLY,**

      Defendant.

Civil Action No. 7:13-CV-145 (HL)

**ORDER**

Before the Court is Defendant's Motion for Partial Dismissal of the Amended Complaint (Doc. 27). The motion is denied in part, and found to be moot in part. The parties' stipulation of dismissal of Counts I, II, and III of the Amended Complaint (Doc. 33) leaves Plaintiff's retaliation claim as the only issue remaining to be addressed with regards to the motion for partial dismissal. Seeing that Plaintiff has amended his Complaint, Defendant's first Motion for Partial Dismissal (Doc. 6) relating to the original Complaint is also moot.

Although Plaintiff failed to respond to the motion to dismiss the retaliation claim within the time set by the Local Rules,[1] it is nevertheless denied. Plaintiff's

---

[1] Jami Kimbrell, counsel for Plaintiff Anthony Heavner, states that she failed to file a timely response because the court system's email notifying her of the filing of the motion for partial dismissal was sent to her junk email box along with the email notification regarding the Court's show-cause Order (Doc. 31). This is the second time Plaintiff

allegation that Defendant retaliated against him for complaining about violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), meets the pleading standard set by federal law. Accepting the factual allegations in the Amended Complaint as true, *see* Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002), the facts show that Mike, Plaintiff's supervisor, required Plaintiff to drive him to and from work without compensation. When Plaintiff complained about being forced to do this without pay, Mike warned him he would be fired if he stopped providing transportation. After an angry confrontation with Mike when Plaintiff said he would never be disrespected by his supervisor again, Mike terminated Plaintiff's employment and was joined in that decision by other employees for Defendant who knew of Plaintiff's complaints about having to transport Mike. (Amended Complaint, Doc. 26, ¶¶6-12). The retaliation claim is plausible because it allows the Court to draw the reasonable

---

counsel has failed to abide by the Court's deadlines. (*See* Motion for Extension of Time to File Response, Doc. 16). This simply will not do. Three lawyers from the firm representing Plaintiff have made an appearance in this case, and it is not as though they have only recently encountered the federal court's e-filing system. The attorneys representing Mr. Heavner have an ethical obligation to exercise competence and diligence in doing so, which surely includes, as a basic matter, the ability to communicate with the Court. *See* Georgia Rules of Professional Conduct 1.1 (competence) and 1.3 (diligence); Florida Rules of Professional Conduct 4-1.1 (competence) and 4-1.3 (diligence). Mr. Heavner and his attorneys should understand that any failure to follow the Federal Rules of Civil Procedure, the Local Rules, the Georgia or Florida Rules of Professional Conduct, or any order from this Court may be construed as a failure to prosecute under Federal Rule of Civil Procedure 41(b) and result in the involuntary dismissal of this case. Also, the excuse tendered by Ms. Kimbrell falls into the same category as "the dog ate my homework."

inference that Defendant fired Plaintiff because he complained of FLSA violations. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Therefore, the motion to dismiss the retaliation claim relating to the alleged FLSA violations is denied.

In light of the foregoing, the stay of discovery is now lifted. The parties are ordered to hold a Rule 16 scheduling conference not later than June 10, 2014, and to file a proposed scheduling order not later than June 17, 2014.

**SO ORDERED**, this the 28th day of May, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr